## JAMES B. BRADY *v.* JULIUS PEIPER.

In an action against a surety upon a lease, it is not competent for the defendant to show a verbal agreement, cotemporaneous with the execution of the lease, that it might be surrendered at the will of the tenant, and that such surrender should operate as a discharge of the surety, and a remission of three months' prior rent. But it seems, that a surrender by the tenant and an acceptance by the landlord, of the leased premises, would operate as a release to the surety, in respect to all subsequently accruing rent.

APPEAL by the defendant from a judgment of the Marine Court. This action was brought against the defendant as surety upon a lease. Both the lease and the guaranty were in writing, the lease being for two years. Upon the trial, the defendant offered to prove, that the plaintiff agreed verbally, at the time of the execution of the lease and guaranty, that the tenant might surrender the premises whenever he should wish to do so; that such surrender should discharge the surety, and that the plaintiff should remit three months' rent previous to such surrender. The evidence was excluded by the court, and, there being no other evidence offered, judgment was given for the plaintiff.

*Lawton* and *Larned,* for the appellant. The offer made constitutes a complete defence to this action. It was an independent verbal agreement. It does not alter the contract on which this action was brought, but only provides a method by which, in a certain contingency, it should be discharged. 3 Cowen & Hill's Notes, 1461; *Bradley* v. *Bentley,* 8 Vermont R. 243; *Crossman* v. *Fuller,* 17 Pick. 171, 174; *Hain* v. *Kalback,* 14 Serg. & Rawle, 159; *Batterman* v. *Pierce,* 3 Hill, 171.

*Frederick Smyth*, for the respondent.

BRADY, J.—The offer of the defendant in this action was an offer to show, by the witness, that the lease, though in terms for a period of two years, was, by a verbal assurance on the part of the lessor and plaintiff, a lease at the will of the tenant, to be surrendered by him at any time, and such surrender was to operate as a discharge of the defendant, who was his surety, and of his own covenants. The justice was right in excluding the evidence. It operated to change the character and effect of the covenants contained in the lease, by a prior parol agreement, and was not admissible on any principle of evidence. 1 Greenleaf, 360, § 275, and sequel; *Cleves* v. *Willoughby*, 7 Hill, 83; *Eckels* v. *Sax*, 1 E. D. Smith, 253. If the offer had been to show the surrender and the acceptance of the premises by the landlord, as a bar to subsequently accruing rent, it would have been a good defence, and would have operated as a release to tenant and surety.

Judgment affirmed.