## ROSE KEEGAN ET AL.
### v.
### FRANK KINNAIRE.

1. CONTRACT IN WRITING—ORAL TESTIMONY OF PREVIOUS COLLOQUIUM NOT ADMISSIBLE.—Where parties have deliberately put their agreement in writing in such terms as import a legal obligation, without any uncertainty as to the object or intent of such obligation, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing, and oral testimony of a previous *colloquium* between the parties, or of conversations or declarations at the time when it was completed or afterward, is rejected.

2. LEASE UNDER SEAL—CONTEMPORANEOUS PAROL AGREEMENT.— Where a covenant in a lease under seal provided that lessees would surrender up demised premises to lessor at expiration of lease, and a contemporaneous parol agreement was made that lessees might remain in the occupation of the demised premises on and after day of expiration of lease, but as tenants from month to month, etc. *Held*, that such parol agreement made at the same time with the lease under seal and in reference to the same subject-matter, must be regarded as merged in the writing and can not be admitted in evidence.

3. DECLARATIONS OF WIFE.—Notwithstanding the community of interest between husband and wife, the declarations of the latter in the absence of the former do not bind him.

4. DECLARATIONS OF TENANTS IN COMMON.—Where several tenants

in common in either real or personal property are joined as plaintiffs or defendants, the admissions or declarations of one of such tenants in common are not competent evidence against the others.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.   Opinion filed January 3, 1883.

This was an action of forcible detainer brought in justice's court, July 2, 1881, by Kinnaire, the appellee, against John and Rose Keegan, husband and wife, for the possession of sublot 9 of lot 4, block 50, of the School Section addition to Chicago.   On the trial in the circuit court on appeal it appeared that the defendants had been in the occupation of the premises as tenants continuously from October 1, 1878, down to the commencement of the suit, paying rent therefor, at the rate of $180 per year, payable in monthly installments of $15, which they had paid.   The only notice for the termination of such tenancy was a thirty days' notice, claimed by plaintiff to have been served June 1, 1881, but the evidence did not show when it was served on either defendants.   The plaintiff gave in evidence a lease under seal made by one Iglehart, and bearing date October 1, 1878, to the defendants, executed in duplicate, whereby the former demised said sublot to the defendants, to said last date to May 1, 1880, they, the lessees, covenanting to pay as rent therefor the sum of $264, payable in monthly installments of $15 on the first day of each month during the term, also to pay all water taxes, taxes and assessments; they further covenanting that, at the expiration of that term, they would yield up said premises to the lessor.   It was shown that this lease was in fact made about the middle of March, 1880.   It appeared that immediately thereafter Iglehart sold and conveyed said sub-lot to one Mack, the defendants being then in possession under said written lease; that the defendants continued in possession after the expiration of said lease, and paid rent to Mack upon the same terms as in said lease, down to March, 1881, when for that month and the succeeding April, they paid in the same

way to Kinnaire, the plaintiff, who had purchased and taken a conveyance of said lot from Mack.

The questions in issue were, whether there was a new agreement, under which the defendants held, after the expiration of the written lease, by which they were to hold merely as tenants from month to month, subject to determination by the landlord on giving the defendants thirty days' notice; and whether such notice had been given thirty days prior to bringing the suit; or, whether the defendants held over without any new agreement, upon the same terms as in the lease, they paying and the landlord receiving rent, as by such terms, for a year after such written lease expired; and whether the defendants did not thereby become tenants from year to year, so as to be entitled to a notice of sixty days prior to the 1st day of May, 1881, as required by the statute; they contending that there was no new agreement, but the plaintiff that there was, on which alone his case was based.

The court allowed plaintiff, against defendant's objections, to give evidence by parol, of conversations had between Rose Keegan and said Iglehart, and the agent of Mack, before and at the time of making the written lease, tending to show that it was made for a collateral purpose, and that John Keegan had no actual interest thereunder, and was but a formal party; also to give parol evidence of the making contemporaneously with the execution of such written lease, of an agreement between said Rose and said Iglehart, and the agent of Mack, whereby she might remain in the occupation of said demised premises on and after the said 1st day of May, 1880, but as tenant from month to month, paying the same rent as before, but that such tenancy should be subject to termination by the landlord, by a notice of thirty days. The court also allowed the plaintiff, against objection, to give in the evidence, the admissions and declarations of said Rose, against said John Keegan, and made in his absence, after the holding commenced, on the expiration of the written lease, tending to prove such new agreement as aforesaid.

The jury found both defendants guilty, and the court, overruling their motion for a new trial, gave judgment against both, and they prosecute this appeal.

Keegan et al. v. Kinnaire.

Messrs. M. A. RORKE & SON, for appellants; cited The People v. Meech, 101 Ill. 200; Hurd's R. S. 1881, p. 570, § 5.

The statute in relation to forcible entry and detainer is in derogation of the common law and must be strictly construed: Schaumtoffel v. Helm, 77 Ill. 567; Stolberg v. Ohnmacht, 50 Ill. 442; Doran v. Gillespie, 54 Ill. 366; Jackson v. Warren, 32 Ill. 331.

As to jurisdiction: Ginn v. Rogers, 4 Gilm. 131; Evans v. Bouton, 85 Ill. 579; Center v. Gibney, 71 Ill. 557.

Appellants' motion to quash was made and denied before the trial of the case in the circuit court, and hence was in apt time: Doran v. Gillespie, 54 Ill. 366; Stolberg v. Ohnmacht, 50 Ill. 442; Leary v. Pattison, 66 Ill. 203.

It is the proper motion to raise objections to the complaint, etc., and to the want of jurisdiction of the subject-matter: Jackson v. Warren, 32 Ill. 331; Brown v. Keeler, 32 Ill. 151; Center v. Gibney, 71 Ill. 557; Evans v. Bouton, 85 Ill. 581; Beel v. Pierce, 11 Ill. 92.

A transcript must be on file ten days before the trial term to give the court jurisdiction of the subject-matter: Hayward v. Ramsey, 74 Ill. 372; Reed v. Driscoll, 84 Ill. 96; Sheridan v. Beardsley, 89 Ill. 477; Steinborn v. Thomas, 8 Bradwell, 515; McMullen v. Graham, 6 Bradwell, 239.

One co-tenant can not destroy the rights of another: Baker v. Pratt, 15 Ill. 571; Abbott's Trial Evidence, 188, § 5.

The lease was under seal, and this alleged agreement not being under seal, can not have the effect to release appellants from their liability on the lease: Chapman v. McGraw, 20 Ill. 101; Ball v. Peck, 43 Ill. 482.

A verdict and judgment unsupported by the evidence can not stand: Ragor v. Kendall, 70 Ill. 95; Hawkins v. Berry, 5 Gilm. 36; Southworth v. Hoag, 42 Ill. 446; Gould v. Sternberg, 4 Bradwell, 439; Reynolds v. Thomas, 17 Ill. 207; Gould v. Hendrickson, 9 Bradwell, 171; Lehman v. Whittington, 8 Bradwell, 374; Preston v. Zahl, 4 Bradwell, 423.

A joint judgment against two defendants in trespass where there is no evidence of interest as to one of the defendants, can not stand: Ragor v. Kendall, 70 Ill. 95.

The law does not constitute the wife the husband's agent, and in the absence of all proof, it can not be inferred: Essington v. Neill, 21 Ill. 139.

All previous agreements were merged in the written lease: Strehl v. D'Evers, 66 Ill. 77; Bragg v. Geddes, 93 Ill. 39.

Appellants continuing in possession, paying the same rent after the lease expired, without any new agreement being made, were tenants from year to year, and such tenancy could only be terminated by sixty days' notice in writing: McKinney v. Peck, 28 Ill. 174; Higgins v. Halligan, 46 Ill. 173; Prickett v. Ritter, 16 Ill. 97; Taylor on Landlord and Tenant, 39–42; Herrell v. Sizeland, 81 Ill. 459; Dunne v. Trustees, 39 Ill. 578; C. & St. L. R. R. Co. v. Wiggins Ferry Co. 82 Ill. 230; Clapp v. Noble, 84 Ill. 62; Clinton Wire Cloth Co. v. Gardner, 99 Ill. 151; Wolz v. Sandford, 10 Bradwell, 136.

This action can not be maintained for want of proof of the date of service of the thirty days' notice: Hurd's Statutes, 1881, p. 689, § 6.

Mr. WALLACE SMITH, for appellee; that by appellee proving service of the notice, the burden was on appellants to show that they did not receive it in sufficient time to give them full thirty days' notice, cited Hayes v. Lawyer, 83 Ill. 183.

McALLISTER, J.   We are of opinion that the court below erred in admitting the witnesses for the plaintiff to testify to conversations which were had between the parties before and at the time of the execution of the written lease given in evidence, and tending to show a particular collateral purpose for the making of such lease; and that John Keegan, one of the lessees, had no actual interest in the demised premises, and was but a formal party.

The rule is recognized by all courts, that where parties have deliberately put their engagement in writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such obligation, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to

Keegan et al. v. Kinnaire.

writing, and oral testimony of a previous *colloquium* between the parties, or of conversations or declarations, at the time when it was completed, or afterward, is rejected: 1 Greenlf. on Ev. § 275; Abrams v. Pomeroy, 13 Ill. 133; Harlow v. Boswell, 15 Ill. 56; Winnesheik Ins. Co. v. Hobzgrafe, 53 Ill. 522; Conwell v. R. R. Co. 81 Ill. 232; 2 Wharton on Evidence, § 1014.

We think also that the court erred in allowing plaintiff to give evidence of the alleged parol agreement, made contemporaneously with the execution of the written lease, to the effect that the defendants or Rose Keegan might remain in the occupation of the demised premises on and after the day of the expiration of the lease, but as tenant from month to month, subject to a notice of thirty days, to quit. The lease made under seal and *inter partes*, contained an express covenant that the lessees, the defendants, would surrender up the demised premises to the lessor at the expiration of said lease, which would be May 1, 1880.

It can not be questioned that such contemporaneous parol agreement was in direct conflict with that covenant. Suppose that upon the expiration of the written lease the defendants had relied upon that parol agreement, so made, and held over in virtue of it; but that the lessor or his grantee, who was in privity with him, had brought an action of forcible detainer for the possession, or had brought an action upon such covenant, to surrender up the premises at the end of their term, to recover damages for a breach of it, would it have been competent for the defendants to set up and prove such contemporaneous parol agreement, as a defense in either of such actions? Most clearly it would not, because that would not only be to allow a party to an instrument under seal, to give parol evidence to vary, contradict, or nullify one of its express provisions, but it would be to allow the admission in evidence and give vitality to a parol agreement in reference to the same subject-matter, made at the same time with the written one, and which, by the settled rules of law, must be regarded as merged in the writing. See authorities *supra*, and Brady v. Peiper, 1 Hilt. 61; Jungerman v. Bovel, 19 Cal.

354; Melton v. Watkins, 24 Ala. 433; Roberts v. Barker, 1 Cromp & Mees. 808; Mease v. Mease, Cowp. 47; Haare v. Graham, 3 Camp. 57; Graves v. Ashlin, Id. 426; Doe, etc. v. Lea, 11 East, 312.

If such contemporaneous parol agreement was merged in the written lease, or in other words, was not provable by the lessees, then, by parity of reason, it was not by the lessor, or by the plaintiff, who was a privy. Such parol agreement, made under the circumstances as above stated, was wanting in legal vitality, as respected both the plaintiff and defendants.

We are also of opinion that the court erred in allowing the plaintiff, against the objection of John Keegan, to give in evidence against the latter the admissions and declarations of Rose Keegan, made in his absence, and tending to prove the new agreement. The only relation shown by the evidence to have existed between John and Rose Keegan was that of husband and wife; joint lessees under the written lease, and joint defendants in this action of tort. It is the general common law rule that, notwithstanding a community of interest between husband and wife, the declarations of the latter, in the absence of the former, will not bind him: Allan and Wife v. Pritchett, 6 Term. R. 680; 2 Starkie on Ev. *32; 1 Greenlf. on Ev. § 185. In Newton v. Harland, reported in a note by Starkie at the above page, an action was brought by the husband and wife against the defendant for assaulting the wife; the defendant justified the turning the wife out to obtain possession of the plaintiff's house. It was held by Parke, B., that the declarations of the wife as to the terms of the agreement under which the husband held the house as tenant, were inadmissible.

Nor were the declarations or admissions of the wife competent as against the husband, on the ground of their being co-tenants of the demised premises. Although they were jointly liable to pay the rent, etc., yet their interest in the estate, created by the demise, was that of tenants in common. 1 Washburn on Real Property, 4th ed. 644.

Where several tenants in common in either real or personal

property, are joined as plaintiffs or defendants in a suit, the admissions or declarations of one of such tenants in common, are not competent evidence against the others.  Dan v. Brown, 4 Cowen, 483; McClellan v. Cox, 36 Maine, 95; Jaggers v. Binnings, 1 Starkie R. 64; Greenlf. on Ev. § 176.

Various other errors were assigned and urged in argument on the part of appellants, but which we do not deem it necessary to discuss, those pointed out being sufficient to require a reversal of the judgment.  The judgment below will be reversed and the cause remanded.

Judgment reversed.