## JOSEPH KOERPER

### v.

## JACOB JUNG.

*Sales—Fixtures—Title—Warranty of—Avoidance by Parol—Freehold —Damages—Evidence—Instructions.*

1. A warranty of title contained in a bill of sale of fixtures, constituting a part of the freehold, can not be avoided by the declaration of the vendor to the vendee before the execution thereof, that he does not own them.

2. In an action for a breach of such a warranty, a recovery may be had for the value of the property in question, to a tenant occupying the premises wherein they are located.

[Opinion filed May 8, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding. ·

Messrs. C. A. ALLEN and FRANK J. LOESCH, for plaintiff in error.

Mr. LOUIS SHISSLER, for defendant in error.

GARY, J. This was an action upon a warranty of title contained in a bill of sale of fixtures of a butcher shop or meat market. With the fixtures was transferred a lease of the premises. It is conceded that the fixtures did not belong to the vendor, plaintiff in error, but were part of the freehold.

He seeks to escape liability on the ground that before the execution of the bill of sale, he told the vendee, defendant in error, that the fixtures in question were not his. The warranty is not thus to be avoided by parol. Wadhams v. Innes, 4 Ill. App. 642; Wadhams v. Swan, 109 Ill. 46; Beach v. Miller, 51 Ill. 206; Keegan v. Kinnaire, 12 Ill. App. 484; Rawle on Cov. for Title, Sec. 88.

At the instance of the plaintiff in error the jury were instructed that the recovery could be only what the articles were reasonably worth for the purpose of removal. It is

quite clear from the whole case that between the parties at the time of the sale, the value was considered from $350 to $400, and that price paid, so that if money had and received, being paid for a consideration that had failed, would lie, that would be the measure of recovery.

And in trespass for taking fixtures, the plaintiff being but a tenant, the value is to be estimated by what they are worth for use to tenant, as situated. Thompson v. Pettitt, 59 Ill. 101; Lockley v. Rye, 8 M. & W. 133; and the same rule applies on a breach of warranty of title. Grose v. Hennessey, 13 Allen, 389. The instruction was, therefore, more than the plaintiff in error was entitled to, but the jury, in the administration of natural justice, assessed the damages at $350. In this they made no mistake. These views dispose of the questions in the case, and the judgment is affirmed.

*Judgment affirmed.*