## The Hammill Fire Escape Company v. John Davis et al.

1. APPELLATE COURT PRACTICE—*What the Abstract Must Show.*— Where the trial judge hears the witnesses, and denies a motion for a new trial, the burden is upon the unsuccessful party to show by his abstract of the record that the ruling of the trial judge was wrong.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

WEIGLEY & EASTMAN, attorneys for appellant.

McMURDY & JOB, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF
THE COURT.

These parties during the years 1886–7–8, were in such re-
lations with each other that, as the brief of the appellant
states it, " the two businesses were consolidated."

The abstract of the pleadings is " declaration, *narr.* and
common counts;" " plea of non assumpsit;" and we infer
that the appellees sued the appellant in assumpsit. But we
are not informed by the abstract what the appellees claimed.

The abstract does state, " 36–44," books offered in evi-
dence as to the entries testified to by witness, except as to
the price. We understand " 36–44 " to refer to nine con-
secutive pages of the record.

Not an exception as to admission or rejection of evidence
or giving or refusing instructions is alluded to in the brief
of the appellant, except by way of recital, and no complaint
is made of anything in those particulars.

The whole complaint is that the court did not grant a
new trial because of insufficient evidence to justify the ver-
dict, varied a little by a statement that part of the verdict
is contrary to the instructions of the court.

To determine whether that complaint is well founded, we
are expected to review one hundred and fourteen record
pages of oral testimony, without knowledge of the contents
of nine record pages of evidence from books. Any con-
clusion we might reach would be as likely to be wrong as
right. The dealings through the years mentioned were
many; including a good deal of exchanging of checks. The
circuit judge, fresh from hearing the witnesses through a
three days trial, denied the motion for a new trial, and from
the abstract we can not tell whether he was right or wrong.
We can not know what items were claimed by the appel-
lees. There is no bill of particulars, and what the books
may have proved is not shown.

The principal contest seems to have been about an item of $1,000 for patterns which was the subject of much conflicting and irreconcilable testimony. It was for the jury to say which was true. The rest of the verdict seems to have been for what was shown by the books, and to have been contrary to the instruction of the court as to the sufficiency of the proof; but if the court, on motion for a new trial, was convinced that the jury took a more correct view, the motion for a new trial was properly denied. Koerper v. Jung, 33 Ill. App. 144; King v. Poole, Cases Temp. Harwd. 23; Van Vacter v. Brewster, 1 S. & M. (Miss.) 400.

The judgment is affirmed.