# FRANK W. BRICKEY

## v.

# J. B. DAVIS ET AL.

GARNISHMENT—PRACTICE WHEN GARNISHEE SUMMONED IN DIFFERENT SUITS.—Where a garnishee is summoned in two different suits, and in the last one answers, admitting an indebtedness, but stating that he had been previously summoned at the suit of another party, which suit was still pending, the proper practice would be to suspend final judgment in the last case until the termination of the first suit.

APPEAL from the County Court of Randolph county; the Hon. SAMPLE G. PARKS, Judge, presiding. Opinion filed October 6, 1881.

Messrs. GORDON & HOOD, for appellant; that judgment should have been given against the garnishees, cited Imp. Ins. Co. v. Gunning, 81 Ill. 236; Gillilan v. Nixon, 26 Ill. 50; Stahl v. Webster, 11 Ill. 511.

WALL, J. Brickey sued out of the county court of Randolph county a writ of attachment against J. B. Davis & Co., and caused the Commissioners of Drainage District No. 1, etc., to be summoned as garnishees. At the June term, 1881, the plaintiff in attachment obtained a judgment by default against the defendants in attachment, and the garnishees answered, admitting that they were indebted to the defendants in the sum of $262.42, but setting up that they had been, before the commencement of this suit, summoned as garnishees in respect of the same indebtedness, at the suit of Wm. Swanwick, returnable to the Sept. term, 1881, of the circuit court of said county. For this reason the court discharged the garnishees, and the plaintiff appealed. Assuming that the money in the hands of the garnishee was the proper subject of such a proceeding, which was not questioned, and that Swanwick would have the better position in regard to it by reason of his prior service and suit in a different court, still we think the proper practice was to suspend final judgment until the termi-

nation of Swanwick's case. It may be he will not succeed in holding the fund, and that it will, in the end, be subject to Brickey's claim. The court has ample power to make all such orders as are equitable and necessary to protect the rights of the parties. R. S. 1874, Ch. 62, Sec. 24; and in this instance the most suitable order would have been to continue the case, and await the action of the circuit court. The judgment is reversed and cause remanded.

Reversed and remanded.