# John C. Lullman et al.
## v.
# Charles P. Barrett et al.

1. DEMURRER.—When judgment is given against a party on demurrer to a pleading, such party, if he wishes to obtain a review of the judgment must stand by his pleading in the court below, otherwise he will be precluded from assigning the judgment for error.

2. JURISDICTION—CHANGING FROM LAW TO CHANCERY.—Courts of chancery and courts of law are, in this State, distinct tribunals. Though they may be presided over by the same judge they possess separate and distinct jurisdiction. Where parties upon demurrer to a declaration elected to take leave to file an amended declaration, and afterward sought to amend by filing a bill in chancery in place of the declaration. *Held* improper to thus change the action at law to a suit in chancery.

APPEAL from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed May 11, 1886.

Messrs. WILLARD & DRIGGS and Mr. FRANK J. LOESCH, for appellants; that the court erred in overruling the motion to change the form of the action from an action at law to a suit in chancery, cited R. S., 1874, Ch. 110, § 24; St. Peters v. Germain, 104 Ill. 440; Atkins v. Fiber Dis. Co., 18 Wall. 272; N. S. v. Freeman, 3 Howard, 563.

Messrs. C. C. & C. L. BONNEY and Mr. LYMAN M. PAINE, for appellees; as to jurisdiction, cited Ross v. Buchanan, 13 Ill. 55; Chancery Act of 1845; Hodgen v. Guttery, 58 Ill. 431; Booth v. Wiley, 102 Ill. 100.

MORAN, J. The demurrers of the appellees to the appellants' declaration, were sustained by the court below, and, instead of standing by the pleading, the plaintiffs moved the court for leave to file an amended declaration, and obtained said leave. Afterward, appellants sought to amend by filing a bill in chancery, in place of the declaration, and thus changing the proceeding from an action at law to a suit in chancery. Leave to file the bill in the action at law was denied, and the action was dismissed out of court.

Appellants assign for error the sustaining of the demurrer to the declaration, and the refusal of the court to allow the amendment changing the proceedings to a suit in equity.

By electing to take leave to file an amended declaration, instead of standing by the declaration to which the demurrer was sustained, the plaintiffs abandoned their declaration, and can not assign the sustaining of demurrer for error.

It has been repeatedly decided that when judgment is given against a party on demurrer to a pleading, such party, if he wishes to obtain a review of the judgment, must stand by his pleading in the court below, otherwise he will be precluded from assigning the judgment for error. Gilbert v. Maggord, 1 Scam. 471; Snyder v. Gaither, 3 Scam. 91; Gardner v. Haynie, 42 Ill. 291; Snell et al. v. Cottingham, 72 Ill. 161; McFadden v. Fortier, 20 Ill. 515; Camp v. Small, 44 Ill. 37.

Counsel contend that the court erred in refusing leave to file the bill of complaint and change the form of the action to

a suit in chancery, and argue that section 24, Chap. 110, R. S. 1874, authorizes the amendment and change proposed.

Courts of chancery and courts of law are, in this State distinct tribunals. Though they may be presided over by the same judge, "they possess separate and distinct jurisdiction." Ross v. Buchanan, 13 Ill. 55.

This distinction has been constantly recognized by the legislature, and at the same session at which the " act in regard to practice in courts of record," from which counsel cites, was enacted, an " act to regulate the practice in courts of chancery " was passed.

Section 37 of the last named act authorizes amendments of chancery pleading, and is, in that regard and as governing that court, a complete code in itself.

By section 24 of the Practice Act, the amendment of proceedings in the law courts is provided for, and while the language is broad, and authorizes changes from one form of action to another, it can hardly be construed as authorizing, by amendment of the pleadings, a change from one jurisdiction to another. It is true, as counsel states, that the intention of the law-makers constitutes the law, but that which is within the letter is not within the statute, unless within the intention.

We apprehend that whenever the legislature of this State shall see fit to introduce such a change as counsel is contending has been made, it will be so done that there will be a perfect accord between the letter and the spirit of the statute.

The ruling of the circuit court was correct and must be affirmed.

Affirmed.