60  413.<br>64  129

## Lucie Whitford, Executrix of Lot C. Whitford, v. Julia H. Herting, Administratrix of William A. Herting.

1. Promissory Notes—*Consideration.*—A promissory note imports a consideration.

2. Same—*Indorsements in Blank.*—Where a promissory note is indorsed in blank, a suit upon the same may be brought in the name of any person consenting.

Claim in Probate on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. Francis Adams, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

Arnd, Evans & Arnd, attorneys for appellant, contended that the holder of a note who takes after maturity, from a *bona fide* holder who took before maturity, is entitled to the rights of his indorser, and no defense can

be urged against him, which can not be urged against such indorser.   2 Am. and Eng. Enc., 390, notes 6 and 7, and cases cited; Rice v. Van Ackere, 22 Ill. App. 588; Randolph on Commercial Paper, Sec. 987, and cases cited; Edwards on Commercial Paper, Sec. 517.

When a note has been assigned, the presumption is that it was for value and *bona fide.*   Clapp et al. v. Hart, 37 Ill. 123; Depuy v. Schuyler, 45 Ill. 306; Richards v. Betzer, 53 Ill. 466.

The possession of the notes by the deceased is evidence that he was the *bona fide* holder thereof.   Brinkley v. Going, Breese, 366;   Parks v. Brown, 16 Ill. 453; Fawsett v. National Life Ins. Co., 97 Ill. 11.

WILLIAM J. BULGER, attorney for appellee.

Reviewing courts will not reverse the decision of inferior courts for some technical error, when the decision of the lower court metes out substantial justice.   Grier v. Puterbaugh, 108 Ill. 602; Howe Machine Co. v. Ballweg, 89 Ill. 318; Chicago & W. I. Ry. Co. v. Dooling, 95 Ill. 202; Tuttle v. Robinson, 78 Ill. 332; Millikin v. Jones, 77 Ill. 372; Field v. Chicago, D. & V. R. R. Co., 68 Ill. 367.

A promissory note, to be the subject of sale, must be an existing valid note in the hands of the payee, and given for some actual consideration, so that it can be enforced between the parties.   Zabriskie v. Spielman, 46 N. J. 36; Hall v. Earnest, 36 Barb. 585.

As between the original parties to a note, a consideration is essential to its validity.   Hill v. Buckmister, 5 Pick. 391, overruling Bowers v. Hurd, 10 Mass. 426.   See also Boutell v. Cowdin, 9 Mass. 254; Slade v. Halsted, 7 Cow. (N. M.) 322; Denniston v. Bacon, 10 John. (N. M.) 198; Pearson v. Pearson, 7 John. (N. M.) 26; Fink v. Fink, 18 John. (N. M.) 145; Horne v. Fuller, 6 N. H. 511.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an appeal from the judgment of the Circuit Court on appeal from the Probate Court, rejecting a claim of the

appellant against the estate of William A. Herting, upon two promissory notes, each for the sum of $500, payable to the order of P. W. Quinlan, and by him indorsed in blank. It may be admitted that the appellee succeeded in raising suspicions as to the consideration of the notes; that the testimony of the only witness who spoke to the origin of the notes may be untrustworthy, and yet the appellant should have recovered.

She produced the notes, signed by the deceased, William H. Herting, indorsed in blank by the payee.

The notes imported a consideration. Stacker v. Hewitt, 1 Scam. 207, is still the law.

The indorsement being in blank, the claim upon them might be in the name of anybody consenting. Kuehne v. Goit, 54 Ill. App. 596.

The unsatisfactory affirmative testimony of a consideration, does not fill the place of proof of no consideration. Gage v. Parmalee, 87 Ill. 329.

The judgment is reversed and the cause remanded.

Mr. Justice Waterman.

I am of the opinion that in the Probate Court claims should be presented and proven in the name of the real owner. It appearing in the present case that one Brooks was, when the claim was proven, its owner, as the court below must be presumed to have found, I think the judgment should be affirmed.