## Louis A. Hippach v. Sanford Makeever.

1. EXCEPTIONS—*Not Necessary to the Action of the Court on Demurrer.*—The action of the court upon a demurrer is reviewable without an exception having been taken.

2. PRACTICE—*Waiver of Error in Sustaining a Demurrer.*—Where a defendant files special pleas to which a demurrer is sustained, and afterward stipulates that, under his plea of the general issue, he may prove any defense that might be proved under special pleas properly pleaded, he waives all error in sustaining the demurrer.

3. CONSIDERATION—*In Contracts of Guaranty.*—The want of a consid-

eration for a contract of guaranty indorsed upon a promissory note is not the subject of a special plea, and a demurrer to such a plea, on the ground that it amounts to the general issue, is properly sustained.

4.  Pleading—*Matters in Abatement not to be Pleaded in Bar.*—The fact that before the commencement of a suit upon a promissory note the defendant, a guarantor, was summoned as garnishee in an attachment suit against the maker and payee, and which was still pending, is pleadable in abatement and not in bar.

5.  Actions—*Defendant Served as Garnishee in Another Proceeding.*—Where a defendant in an action at law has been summoned as garnishee in a proceeding by attachment for the same cause, such attachment and service as garnishee is probably only cause for postponing the action until the attachment is disposed of.

Assumpsit, on contract of guaranty.  Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the March term, 1896.  Affirmed.  Opinion filed April 27, 1896.

Edward J. Walsh, attorney for appellant.

Wm. E. O'Neill, attorney for appellee.

Mr. Justice Shepard delivered the opinion of the Court.

This was a suit brought by appellee against the appellant upon a contract of guaranty executed by the latter upon the back of a promissory note, dated April 7, 1894, made by one Charles F. Hippach to the order of Frederick R. Benson, for $1,000, payable March 1, 1895.

The said contract of guaranty was as follows:

" For value received, I hereby guarantee the payment of the within note on or before six months after the maturity thereof.

Louis A. Hippach."

The declaration consisted of the common counts in assumpsit, and a special count against appellant as guarantor. The special count, among other things, alleged that on the same day of the making of said note, and in consideration that the payee thereof, at the request of appellant, would accept the same, the appellant guaranteed the payment thereof, etc.

The appellant pleaded the general issue and two special pleas.

To the special pleas the appellee demurred, assigning special causes of demurrer to each, and the demurrer was sustained.

The order sustaining the demurrer, as subsequently amended, was as follows:

"This cause coming on to be heard upon the special demurrer of the plaintiff to the defendant's second and third pleas, and the general demurrer to the defendant's fourth plea filed, after arguments of counsel and due deliberation by the court, said demurrers are sustained, and thereupon on the agreement of the parties now here made in open court, it is ordered that the defendant be allowed to prove under the plea of the general issue filed herein, anything that could be proven by special pleas properly pleaded, whereupon the defendant excepts."

Then, again, some three weeks later, appellant was given leave to withdraw his plea of the general issue, and he thereupon elected to stand by his said special pleas, whereupon, for want of a plea, judgment for $1,046.05 and costs was rendered against him, from which this appeal is prosecuted.

We need not consider the sufficiency of the special pleas, for the simple reason that by the same order which sustained the demurrer to the pleas, leave was given to the appellant, upon agreement made by him and his adversary in open court, to prove every defense that he could have proved if specially pleaded.

In his reply brief the appellant points out the recital in the order that he excepted to something, without specifying what, and he claims exemption from the effect of his agreement therein set forth, because of such exception.

An exception to the ruling of a court has no place in the record made by the clerk of its orders, but if the exception were properly there, we should be obliged to treat it as an exception to the action of the court in sustaining the demurrer and not as an exception to appellant's own action in making the agreement.

The action of the court in sustaining the demurrer did not need to be excepted to, but would be reviewable with-

out an exception having been taken, and assuming for pres-
ent purposes, that, but for the agreement, such action was
erroneous, still, with the agreement, it is plain that there
was no prejudicial error; for, notwithstanding the demurrer
was sustained, the right of the appellant to make every de-
fense under his plea of the general issue, which he could
have made under any good plea, was expressly preserved to
him.   If he had wanted to have a review, upon appeal, of
the question of the sufficiency of his pleas, he should have
stood by his pleas at the time the demurrer thereto was sus-
tained, and not have entered into the agreement which he
made.   By doing what he did, the error, if any, was
waived.   Snell v. Cottingham, 72 Ill. 161; Lullman v. Bar-
rett, 18 Ill. App. 573.

The judgment of the Superior Court will be affirmed.

Gary, P. J.   I concur, but add as a further opinion of
the court, that the pleas were mere waste paper.

The first special plea was that the appellee held the note
for the benefit of the payee, and that the appellant indorsed
it without consideration.

The legal title to the note being in the appellee was
enough.   Foster v. Second Nat'l Bank, 61 Ill. App. 272;
Whitford v. Herting, 60 Ill. App. 413.

And the want of consideration for the guaranty is not
the subject of a special plea, if it be specially demurred to—
as this was—on the ground that it amounts to the general
issue.   Klein v. Currier, 14 Ill. 237.

The other special plea is that the appellee held the note
for the benefit of the payee, and that before this suit was
commenced, the appellant was summoned as garnishee in
an attachment suit—which was still pending—against the
payee and maker.   At the most, this was only pleadable in
abatement, not in bar.   The effect of holding it to be a bar,
if proved, would be that if the attachment suit failed, the
appellee could never sue again.   Guard v. Whiteside, 13
Ill. 7.

But the modern rule probably is that such attachment is

only cause for postponing the cause in which such defense is interposed, until the attachment is disposed of. 1 Ency. Pl. & Pr. 765; Roche v. Rhode Island Ins., 2 Ill. App. 360; Brickey v. Davis, 9 Ill. App. 362.

Nowhere was such matter ever held to be a bar.   Affirmed.