## Retail Merchants Association Mutual Fire Insurance Company of Illinois v. Fred W. Cox.

1. DEMURRER—*when action of court in sustaining, not subject to review.* The action of the court in sustaining a demurrer to a pleading is waived by obtaining leave to plead over.

2. INSURANCE—*what establishes prima facie case, in action upon policy.* Proof of the execution and delivery of a policy, the destruction by fire of the property insured and the furnishing of proper proofs of loss within the time prescribed by the fire policy, establishes *prima facie* a right of recovery.

3. INSURANCE—*what waives "iron safe clause" of fire policy.* A provision in a fire insurance policy which requires that the insured shall keep an iron safe in which to deposit his books of account, is waived where it apears by the application for the policy that he kept no books of account.

4. INSURANCE—*evidence competent to establish loss sustained under fire policy.* Held, that evidence other than books of ac-

count and a formal inventory were competent to establish the amount of the loss sustained by a fire covered by a policy of insurance.

5. INSURANCE—*when effort at arbitration not condition precedent to recovery under policy.* An effort to obtain arbitration of a disputed claim arising under a fire insurance policy is not a condition precedent to suit if it appears that an effort at arbitration would have been idle and unavailing.

Assumpsit. Appeal from the Circuit Court of Greene county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1906. Affirmed. Opinion filed November 22, 1907.

RAINEY & JONES and CHARLES B. OBERMEYER, for appellant.

MARK MEYERSTEIN and F. A. WHITESIDE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in *assumpsit* by appellee against the appellant company upon its policy of fire insurance, issued on January 18, 1904, under an application in writing made by appellee on a printed blank furnished by the company. The policy was in the sum of $5,000, being $1,000 on a one and one-half story frame building and additions occupied by appellee as a general store, $500 on store and office fixtures and furniture, and $3,500 on appellee's general stock of merchandise.

The declaration consists of the common counts and a special count setting out the policy in *haec verba,* alleging in substance that the property insured was totally destroyed by fire, without the fault of appellee, on September 7, 1904.

The policy as set forth in the declaration, among other things, contains the following provisions:

"BOOKS AND INVENTORY TO BE KEPT OR INSURANCE VOID. It is a part of the consideration of this insurance and it is expressly stipulated and required that the

assured above named shall take an inventory of the stock above described at least once a year during the term of this insurance and shall also keep correct books of account in detail showing all purchases and sales of the same; and shall keep said inventory and books of account in an iron safe or other place secure from fire during the hours said store is closed for business.

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire.

"This policy is made and accepted subject to the foregoing and following stipulations and conditions, together with such other provisions, agreements or conditions as may be indorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provisions or conditions of this policy.

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein."

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership or if the subject of insurance be a building on ground not owned by the insured in fee simple.

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to the actual cash value, with proper deductions for depreciation, however caused, and shall, in no event, exceed what it would then cost the insured to repair or replace the same with material of like kind or quality, that said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers as hereinafter provided; and the amount of the loss or

damage having been thus determined, the sum for which this company is liable shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of loss has been received by the company in accordance with the terms of this policy. In the event of disagreement as to the amount of loss, the same shall as above provided be ascertained by appraisement and the loss shall not become payable until sixty days after the notice, ascertainment, estimate or satisfactory proof of loss shall have been received by this company, including award of appraisers when appraisal has been required. No suit or action on this policy for any recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements,'' etc.

To this declaration appellant filed the general issue and twelve special pleas. Demurrers were interposed and sustained as to all of the special pleas, excepting those numbered 11 and 12, whereupon appellant asked and was granted leave to amend the same, and afterward filed amended fifth and ninth pleas. Issue was joined upon such amended pleas and said pleas 11 and 12, and a trial had by the court and a jury, which resulted in a verdict and judgment for the plaintiff for $3,750.

By its amended fifth plea appellant alleged that appellee was to keep proper books of account, etc., and avers that he negligently and carelessly left them on a wooden counter or desk, so that the same would be destroyed by fire. To this plea appellee replied, first, denying that he carelessly and negligently left them on a wooden counter, so that they would be destroyed by fire; second, averring that the appellant had notice, before the issuing of the policy, that appellee had no iron safe wherein to keep the said books of account, etc.; and third, averring that after receiving notice of the fire, appellant sent its adjuster to adjust his loss; that said adjuster called for the books, inventory, etc., and was then and there informed by appellee

that the same had been totally destroyed in the fire; that the adjuster was then and there also informed by appellee that he did not keep his books of account and inventory, etc., in an iron safe, etc.; and with full knowledge of such facts, appellant's adjuster then and there informed appellee that if he, appellee, would secure duplicate bills of the goods purchased by him, that the appellant would settle his loss; that afterwards appellee did produce duplicate bills of all goods so purchased by him and notified appellant of that fact prior to the institution of this suit; and that after such notice the appellant refused to settle the loss. Appellant filed rejoinders denying each of these replications, upon which rejoinders issue was joined.

Appellant, by its ninth amended plea, denied that appellee was the sole and unconditional owner of the property insured, upon which plea issue was taken.

By its eleventh plea appellant averred that appellee refused to produce for examination all or any of his books, bills, invoices or other vouchers upon demand of appellant's agent after the fire. To this plea appellee filed replications; first, denying that he refused to produce such books, etc.; second, that he informed said agent, at the time, that all such books, invoices, etc., had been destroyed by the fire that destroyed the property, and with full knowledge of notice of such fact said agent then and there informed the appellee that if he would produce duplicate bills of all goods purchased by him, at the date and since the date of issuing said policy, the appellant would settle the loss sustained by him as set forth in said declaration and that afterwards in compliance therewith appellee did produce all of such duplicate bills, as required by said agent, and notified the appellant thereof, prior to the institution of this suit, but that appellant declined and refused to examine the same; third, that all of said books of account, bills, invoices and other vouchers, etc., were, prior to the time of such demand, on September 7, 1904, each and all, without the fault of ap-

pellee, totally destroyed by fire, and for such reason it was impossible for appellee to produce the same, etc., and fourth, that appellant, after being informed of such loss, refused to settle on another and distinct ground, i. e., on the ground of alleged forfeiture. On all of which replications issues were joined.

By its twelfth plea appellant denied that appellee was the owner of and had an interest amounting to the sole and unconditional ownership of the building, etc., described in the policy, on which plea issue was also joined.

The evidence tends to show the following facts: Appellee, at and prior to the time of the issuance of the policy in suit, was engaged in conducting a general store at Walkerville, Illinois, in a one and one-half story frame building, having no foundation, but which was temporarily placed on posts upon a lot not owned by appellee.

Shortly prior to January 18, 1904, appellee made application in writing to appellant company, a mutual fire insurance company organized under the laws of Illinois, for insurance on his building, fixtures and stock of merchandise, in the sum of $5,000. In accordance with said application, appellant issued to appellee the policy hereinafter described and upon which this suit is predicated. Upon September 7, 1904, at about two o'clock in the morning, the store building in question, together with its entire contents, was destroyed by fire originating from some cause unknown.

The evidence shows that the total value of the property destroyed which was covered by the policy was $6,100. Appellee afterward furnished proper proofs of loss to appellant within the time provided by the terms of the policy. Immediately after the fire appellee notified appellant of its occurrence, and several days thereafter the adjuster of appellant arrived at Walkerville for the purpose of adjusting the loss. He demanded of appellee that he produce for inspection and examination his inventory of stock, together with

his books of acount, showing the purchases and sales of said stock from the date of such inventory until the time of the fire. In response to such demand, appellee stated that all of his books of account and records, together with an inventory of stock which he had taken in July preceding the fire, had been destroyed in the fire. The adjuster then called his attention to the conditions of the policy requiring him to take an inventory and keep books of account, which were to be kept, during the hours when the store was closed, in an iron safe or other place secure from fire, and inquired of him why he had not done so. Appellee replied that he had no iron safe and that he did not know that he was required by the policy to have one. Appellee testified that he then asked the adjuster what he should do to get a settlement, and that the adjuster replied that if appellee would procure duplicate bills of the goods purchased by him, the company would settle with him, and that he and the adjuster then proceeded to examine the ruins and take the dimensions of the building destroyed. After considerable delay, appellee succeeded in securing the duplicate bills in question, and notified appellant, and requested it to pay the amount claimed by him to be due under the policy, and upon its refusal to do so he brought the present suit.

The blank application for insurance furnished by appellant, and upon which, when filled out and signed by appellee, the policy was issued, contained the question: "Do you keep merchandise and cash accounts?" to which appellee wrote the answer, "No." The evidence further shows that the books of account and papers of appellee were kept by him in a wooden desk, and that although when he learned that the store was burning, he and his clerk made endeavors to save them, they were unable to do so.

It is first urged that the court erred in sustaining the demurrer to pleas numbered 2, 3, 4, 5, 6, 7, 8, 10, and 13. It will not be necessary to consider the ques-

tion of the sufficiency of such pleas, for the reason that appellant did not elect to abide or stand by them, but on the contrary, when the demurrer was sustained, took leave to amend the same and failed to do so. If a pleading is held insufficient on demurrer, the pleader, if he would have the correctness of the judgment pronounced reviewed in a superior court, must elect to abide by the same, but it is not requisite that he shall, orally or in writing, advise the court that he does so. But if he asks leave to amend the pleading, in order to obviate the defect pointed out by the demurrer, or asks leave to plead over, he thereby abandons his original pleading and does not abide or stand by it. Bennett v. Ins. Co., 203 Ill. 444; Hippach v. Makeever, 64 Ill. App. 126. We are of opinion that if appellant, after obtaining leave to amend the pleas, determined not to take advantage of the same, but to abide by the pleas, it should have advised the court of such intention, and that failure to so advise the court, or to amend the pleas, was, in effect, a total abandonment of the same. Proper practice manifestly requires that at all stages of the pleadings in a cause, full and accurate information of the status of the same should be afforded by the record, to the court and opposing counsel.

It is next contended that the court erred in overruling the motions of appellant interposed at the close of plaintiff's evidence and again at the close of all the evidence to direct a verdict in its favor. It is manifest that the first motion was properly overruled. The proof of the execution and delivery of the policy, the destruction by fire of the property insured, and the furnishing of proper proofs of loss within the time prescribed by the policy, established a right of recovery subject to be defeated by proof of the averments of some one or more of the special pleas interposed by appellant, and in the absence of such proof, the second motion was also properly denied. The fifth plea, when construed most strongly against the pleader,

amounts to a tender of issue that the books of account and inventory were left by appellee upon a wooden counter or desk with the fraudulent intent and purpose that the same would be destroyed in the event of a fire, and the jury were fully warranted, under the evidence, in finding in favor of appellee thereunder.

Moreover, we think that the statements and conduct of appellant's adjuster, after being informed by appellee of his violation thereof, and the further fact that the policy was issued in the face of the statement by appellee in the application to the effect that he kept no books of account, constituted a complete waiver of the provisions of the so-called "iron safe clause."

Appellant also failed to establish the averments of the amended ninth and twelfth pleas. The evidence discloses that the building was not a fixture, but was personal property, and that the sole and unconditional ownership and title to the same, as well as to the other personal property destroyed, was in appellee.

It is also contended that the court erred in admitting improper evidence on the part of appellee. Appellee was permitted to testify as to the amount of his annual inventory taken about July 15, 1904, the same having been destroyed in the fire; that between that date and that of the fire his purchases of goods equaled in value all sales during that period, and that he had $4,800 worth of merchandise on hand at the time of the fire, all of which was totally destroyed. He was corroborated in this respect by his clerk, who had assisted in taking the inventory, and who had continued in the employ of appellee until after the fire. It is insisted that it was error to allow any evidence whatever to go to the jury as to the value of the goods destroyed, in view of the fact that appellee had failed to preserve his books of account and inventory, in compliance with the terms of the policy, and for the further reason that no arbitration, as required by the policy, was had.

What has already been said will dispose of the

former contention. The latter is equally untenable. Appellant having denied any liability whatever under the policy, any effort on the part of appellee to comply with the provisions as to arbitration would have been idle and was therefore unnecessary.

It is also urged that the court erred in admitting in evidence the duplicate bills of merchandise purchased by him after the inventory, being the same duplicate bills that he claims to have procured at the suggestion of the adjuster, and in permitting appellee, while testifying, to refresh his recollection therefrom. After refreshing his recollection, the witness stated that he was able to recollect and state the kind, quantity and cost of the goods, independently of the bills. Diamond Glue Co. v. Wietzychowski, 227 Ill. 344. Such testimony was therefore competent. While ordinarily the duplicate bills would not have been admissible, no proper foundation having been laid for their introduction, in view of appellee's testimony as to the contents thereof, their admission in evidence could not have been harmful to appellee.

The first instruction was not prejudicial to appellant, as insisted by appellant. The assumption therein, that the books of account were destroyed, was one of the facts averred in appellant's pleas.

The other objections urged, pertaining to the rulings of the court upon the instructions, are disposed of by the views heretofore expressed. We find no prejudicial error in the record and the judgment will be affirmed.

*Affirmed.*