BERMAN FRIEND

v.

EMMA ENGEL ET AL.

*Judgments and Decrees—Interest—Practice.*

1. A higher rate of interest than six per cent can only be stipulated for in written contracts.

2. The words of a decree must be read and understood in the light of the law.

3. Where a decree provides that the rate of interest agreed to be paid by a person deceased shall be allowed, no legal or valid agreement being shown for more than six per cent, only that rate can be charged.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. LOREN C. COLLINS, Judge, presiding.

Messrs. KRAUS, MAYER & STEIN, for appellant.

Messrs. John C. Richberg and Gabriel J. Norden, for appellees.

Moran, J.   By a decree entered in this case settling the rights of the parties, the court found that appellant held in trust for appellees the title to a certain lot in Chicago, subject to a first lien in favor of appellant for $3,150, with interest after September 30, 1876.

The said decree provided that a master should ascertain the amount, and directed that " rate of interest to be allowed him (appellant) is to be such as was agreed to be paid by him, said Julius Jackson, in his lifetime." Julius Jackson was the father of appellees and they claimed through him.

Appellant testified before the master that the last rate of interest agreed upon between him ,and said Julius Jackson was eight per cent.

The master, following the direction of the decree as he interpreted it, allowed interest on the amount of the loan as fixed by the court at the rate of eight per cent per annum from the date of the last payment of interest in October, 1884. An exception to the master's report for the allowance of said interest was taken, which was sustained by the court, and the interest reduced to six per cent for the period.

This is the error complained of, and it is contended that the court was bound, in stating the account, by its former decree, and that the interest as verbally agreed upon at the rate of eight per cent should have been allowed.

A higher rate of interest than six per cent can only be stipulated for in written contracts.   Edler v. Uchtmann, 10 Ill. App. 488.

The court's decree that the rate of interest agreed to be paid should be allowed, must be interpreted to mean such rate as was agreed upon in a lawful manner; such agreement as was binding in law.

Leaving out of view the question made as to the incompetency of appellant as a witness, the evidence did not show a legal or valid agreement for eight per cent interest, and therefore neither under the decree nor the law was appellant

entitled to it, for the words of the decree must be read and understood in the light of the law.

The court was right in sustaining the exception to the master's report and allowing interest at only six per cent. The decree will be affirmed.

*Decree affirmed.*