## Central Ry. Co. v. William F. Mehlenbeck.

1. VERDICT—*Where Evidence is Conflicting.*—Where the evidence is conflicting the court may properly refuse to direct a verdict.

Action on the Case, for personal injuries. Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

I. C. PINKNEY, attorney for appellant.

PAGE, WEAD & ROSS, attorneys for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit by William F. Mehlenbeck against the Central Railway Company, operating a street car line in Peoria, to recover damages for personal injuries sustained by him. He recovered a verdict and a judgment for $237.50, which was slight compensation for the injuries sustained. Defendant appeals, and denies it is liable under the proof.

Plaintiff was a passenger upon an open trailer. As the car approached the street where he wished to alight he arose from the seat and tried to attract the attention of the

conductor, who was talking to some ladies. Several other passengers wished to leave the car at the same street, and one or more of them also tried to get the attention of the conductor. The car passed the street without stopping. Plaintiff's proof tended to show that soon after passing the street the car slackened speed, and he thought it was going to stop, and he got down on the foot board so as to be ready to get off, and was holding on by both hands when the car gave a sudden jerk and he was thrown off backward and fell upon the brick pavement, receiving the injuries complained of. Defendant's proof tended to show that the car did not slack up nor give a jerk, but that plaintiff stepped off while the car was moving swiftly, and that his injuries resulted from his own negligence in voluntarily leaving a moving car. The proof on this subject was conflicting. It would not warrant our holding that the jury ought to have believed defendant's witnesses instead of plaintiff's, or that another jury would be likely to do so. We can not say the record conclusively shows plaintiff was negligent or defendant free from negligence. The court properly refused to direct a verdict for defendant.

A few days after the injury plaintiff told his wife to write to the company to send some one up to see him, to see the condition he was in. Mrs. Mehlenbeck got a neighbor to write a letter and sign her name to it, and it was sent to the company. The letter undertook to state how plaintiff received his injuries, and it would have supported defendant's claim, rather than plaintiff's. Defendant offered the letter in evidence and also sought to prove what Mrs. Mehlenbeck said to the neighbor at the time he wrote the letter. The letter was not written in plaintiff's presence, and he did not see it after it was written, nor did he talk with or see the scrivener at the time it was written. Plaintiff did not authorize his wife to state the facts to the company, and he was not bound either by what she said to the scrivener or by what he stated in the letter. The testimony offered was incompetent.

The first refused instruction was embodied in another given at defendant's request. The judgment is affirmed.