## Oscar Helbig v. Citizens Insurance Co.

1. ACTIONS—*Writ of Error a New Suit upon the Record.*—A writ of error in a suit on an insurance policy sued out more than two years after the fire occurred is a new suit upon the record, but not upon the policy, within the meaning of a provision in the policy that the suit shall not be maintained upon it unless commenced within one year after the loss occurs.

2. BILL OF EXCEPTIONS—*Rulings of Trial Court Not Contained in, Can Not be Considered on Review.*—Where rulings of the trial court urged for error are not preserved in the bill of exceptions, this court can not consider them.

3. PRACTICE—*Cross-Examining Witness on Matter Not Touched on in the Direct Examination.*—It is improper to cross-examine a witness upon matters not touched upon in his direct examination.

4. EVIDENCE—*Privileged Communications—Statements Made to Attorney Hired to Make Out Proofs of Loss for Fire Insurance.*—A communication between lawyer and client while the former was employed in preparing proofs of loss preparatory to collecting fire insurance, is a privileged communication.

5. SAME—*Of a Conversation with a Party Not a Witness.*—It is error to admit evidence of a conversation between a witness and a party not a witness and not subject to cross-examination.

**Assumpsit**, on a fire insurance policy. Error to the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed April 30, 1903.

CHARLES M. PEIRCE, attorney for plaintiff in error.

G. VAN HOOREBEKE and BARRY & MORRISSEY, attorneys for defendant in error.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by plaintiff in error against defendant in error, upon a fire insurance policy issued for the latter by Mantle, its agent at Bloomington, for $1,500 upon hotel furnishings in Phœnix Hotel in that city, which was destroyed by fire. The verdict was for the defendant, and judgment accordingly in bar of the action, and this writ of

error is designed to reverse the judgment for various errors assigned and argued, among which are, that the court improperly overruled plaintiff's motion for a continuance, admitted improper evidence, gave wrong instructions and refused to properly instruct the jury at the instance of the plaintiff.

The policy contains in its provisions a limitation that suit shall not be maintained upon it unless commenced within one year after the loss occurs, and this writ of error having been sued out more than two years after the fire occurred, it is argued that the limitation clause in the policy is a full and complete bar to the writ of error; and for this reason a motion has been made by the defendant to dismiss the writ. While it is true that a writ of error, by repeated decisions, is a new suit, still it is upon the record, and not upon the policy, and we are therefore of the opinion the limitation clause in the policy has no application to the suit upon the record, and the motion to dismiss is therefore denied.

The motion for continuance, and the affidavit in support of it, have not been preserved in the bill of exceptions, and for this reason we can not further consider the alleged error of the court in overruling such motion.

The defense interposed to the insurance policy was that the premiums had not been paid by the assured, and for that reason the policy had been canceled before the loss occurred. There was conflict of evidence upon the fact of payment of the premiums, and it is argued the court admitted improper evidence, against the objection of the plaintiff, as to both the fact of non-payment of the premiums and the cancellation of the policy.

The plaintiff produced as a witness upon the trial the attorney he had employed to make out the proofs of loss, and limited the examination to the fact of preparing, executing and mailing such proofs of loss as were required by the policy. Nothing was asked the witness in his examination in chief, concerning a conversation between the attorney and plaintiff, his client. Upon cross-examination,

over the objection of the plaintiff, both because it was not cross-examination and that the communication was between attorney and client, and therefore privileged, the court compelled the witness to testify that plaintiff told him that Mantle, the agent, had said the policy had been canceled for non-payment of premium, and that he had not paid Mantle in cash, but, in effect, that he had given Mantle credit for the premium upon an account due him, and that there was still a balance due from Mantle. We think the conversation was not proper cross-examination, and it was also a privileged communication between attorney and client, about the business upon which the client sought the advice of his attorney, and for both these reasons, the ruling of the court in that regard was prejudicial error.

Defendant produced a witness who had been authorized by plaintiff to go and see Mantle and ascertain what he would do, and settle the insurance with him. Against the objection of plaintiff the court permitted this witness to testify that he told plaintiff that Mantle said the policy had been canceled long ago, and that he never paid for it. This witness was authorized by the plaintiff to ascertain what Mantle would do, not what he would say, and the evidence of what Mantle said was no part of the agency, and being introduced in that way, was merely hearsay, and should have been excluded by the court, and it was prejudicial error not to have done so.

The register of the policy kept by Mantle, having cancellation written across the face of it, was also admitted in evidence over plaintiff's objection and exception. We think this evidence falls within the principle we have pointed out in respect to the statement made by Mantle to the agent of the plaintiff to which we have above alluded.

Numerous complaints have been made and argued relative to the instructions, given and refused, but most, if not all the vices contained in them, grew out of, and were based upon the evidence that we have already held inadmissible. Upon another trial there should be no occasion for repeating them, and for this reason no good purpose would be

subserved by extending the length of this opinion by reasoning upon the instructions.

For the errors indicated the judgment of the Circuit Court will be reversed and the cause remanded for a new trial.