### William Farmer v. John W. Mitchell.

1. INTEREST—*when allowance of, excessive.* An allowance of eight per cent. interest upon an obligation subject to the interest laws in force in 1866, is excessive where such obligation was not evidenced by a writing.

Action commenced before justice of the peace. Error to the Circuit Court of Saline county; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1906. Reversed and remanded. Opinion filed September 14, 1906.

WHITLEY & SOMERS, for plaintiff in error.

SIGEL CAPEL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error has sued out a writ of error in this case to review a judgment entered against him by the Circuit Court of Saline county in favor of defendant in error for $160. The suit was commenced before a justice of the peace, March 2, 1904, and an appeal taken from the judgment entered by the justice, to the Circuit Court, where a jury was waived and a trial had before the court.

Upon the trial in the court below, defendant in error testified that the claim was for the balance due him for the purchase price of a span of mules, which he had sold to plaintiff in error some eighteen years prior to the time suit was instituted; that at the time of the sale he made an entry of the transaction in a book of ac-

counts kept by him, which was introduced in evidence and read as follows: "1886. William Farmer, Dr. May 1st, to one pair of mules, to pay 8 per cent. interest, $160; May 20, 1886, by cash $37; June 18, 1886, by cash $30; May 21, 1887, by cash $30;" that no payments were ever made on the indebtedness by plaintiff in error, except those entered upon the book as above set forth. It thus appeared that the last payment was made nearly seventeen years prior to the time of the bringing of the suit.

Plaintiff in error testified that he had paid the debt in full, but the principal controversy between the parties was whether the balance of the debt and the interest, having been barred by the Statute of Limitations, was revived by a new promise to pay, claimed to have been made by plaintiff in error to one Simp Pierson, whom Mitchell said he appointed to collect the debt for him. The conversation relied upon by defendant in error took place in a saloon at Harrisburg, Illinois, some ten days before this suit was commenced, and the only witness who testified to it on behalf of defendant in error was a person who afterwards acted as attorney for defendant in error in bringing the suit before the justice of the peace. Pierson, to whom the promise is said to have been made, was not a witness in the case, and plaintiff in error denied using the language accredited to him by the witness above referred to. The evidence as to the circumstances surrounding the alleged conversation was such as to render the testimony regarding the same of an unsatisfactory nature. But we will not further discuss it, for the reason that this case must be reversed and remanded for another reason.

The court, in determining the amount of the judgment, allowed interest on the indebtedness from May 1, 1886, at the rate of eight per cent. per annum. The statute which was in existence at the time this debt was incurred, fixed six per cent. as the legal rate of interest, but provided that it should be lawful for par-

ties to stipulate or agree in written contracts for the payment of eight per cent. per annum or any less sum. There was no written contract in this case, and therefore the debt could in no event draw interest at the rate of eight per cent. per annum and it was error in the court to allow interest at that rate. The judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*