## Victor Electric Company, Plaintiff in Error, v. Charles Miller, Defendant in Error.

### Gen. No. 19,199.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed June 17, 1915.

### Statement of the Case.

Action in the Municipal Court of Chicago brought by the Victor Electric Company against Charles Miller to recover the price of an electric beer pump which the plaintiff alleged the defendant purchased from it under a contract. On a trial before the court without a jury, judgment was rendered in favor of the defendant and against the plaintiff for costs, to reverse which, plaintiff has sued out a writ of error. The contract sued on was as follows:

"July 3d, 1912.

Victor Electric Co.,
    Chicago, Ill.
Gentlemen:
    Please send me, via Chicago, Ill., the following:

One Automatic Electric Beer Pump for which I agree to pay you the sum of ninety dollars on or before Sept. 2nd, 1912 from time current is in.

It is further agreed that the title to the above described goods shall remain in Victor Electric Company until purchase price has been fully paid as agreed, and in case of default in payment for thirty days, vendor shall have the right to repossess itself of said goods.

CHARLES MILLER,
5800 Ashland Ave."

The affidavit of merits filed by defendant set forth that plaintiff agreed to deliver and completely install the beer pump on or before July 3, 1912, but that it made no effort to do so until August 15th thereafter;

and that on July 15th the defendant notified the plaintiff that because of its failure to install the pump, the defendant had no use of it and requested its removal.

The evidence showed that the pump was delivered July 9th, when the defendant signed a memorandum acknowledging its receipt in good order, and making a payment of ten dollars thereon; that at the time the pump was sold there was no wiring in the premises of defendant to which to connect the pump; that a few days after the delivery of the pump, defendant called up about connecting the pump and was asked whether the wiring to carry the current had been inspected, to which defendant replied in the negative; whereupon he was told by plaintiff that inspection was necessary, to which defendant replied "All right," that he would inform plaintiff when the inspector had passed upon the work; that prior to the time of this conversation, plaintiff had called up the Commonwealth Edison Company to see whether or not any service had been given the defendant; that it had never been notified that the defendant's place had been wired for current or that an inspection had been made.

The defendant was the only witness in his behalf, and he testified that after the contract was signed, plaintiff's representative promised that he would attend to everything and have the pump in running order within a week at the longest; that he talked with the representative of the plaintiff two weeks afterwards and was told that an inspection would have to be made before the pump could be set up; that the last conversation he had with any representative of plaintiff took place on the first of August; that while the Commonwealth Edison Company was to put the current into the building, plaintiff was to attend to having it done; that about August 10th defendant purchased a pump from another company, and that he thereafter signed a contract with the Commonwealth Edison Company for the installation of electric current.

Frederick B. Hovey, for plaintiff in error.

Eugene Huss and Victor E. Rehm, for defendant in error.

Mr. Justice Pam delivered the opinion of the court.

### Abstract of the Decision.

1. Evidence, § 352*—*when contract so ambiguous as to permit parol explanation of terms.* A contract for the purchase and installation of an electric beer pump, *held* not so ambiguous as to permit it to be shown by parol that the seller was to attend to putting electricity into the vendee's place of business.

2. Sales, § 329*—*sufficiency of evidence to justify judgment for defendant in action for price of chattel.* A judgment in favor of the defendant in an action to recover the price of an electric beer pump to be placed in the defendant's place of business, because of the vendor's failure to have electric current installed therein, *held* not sustained by the weight of the evidence.

---

## Natalie Stacey and John James Stacey, minor, by Natalie Stacey, Plaintiffs in Error, v. Max Robbin et al., Defendants in Error.

### Gen. No. 19,672.   (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. Charles M. Walker, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed June 17, 1915.

### Statement of the Case.

An action was brought by Natalie Stacey and John James Stacey, a minor, by his mother and next friend, Natalie Stacey, against Max Robbin, Albert B. Joyner, William Sullivan, Walter G. Mueller and Jacob Frank, under section 9 of the Dramshop Act (J. & A. ¶ 4609.)

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.