## Victor Electric Company, a corporation, Defendant in Error, v. Charles Miller, Plaintiff in Error.

### Gen. No. 22,154.

1. APPEAL AND ERROR, § 1725*—*when decision in prior case binding on appeal.* The decision of the Appellate Court on a former review is the law of the case binding upon the parties, the trial court and the Appellate Court.

2. CONTRACTS, § 371*—*when presumed that written contract contains entire agreement of parties.* It will be presumed that a written contract embodies the agreement of the parties to it, and that all contemporaneous oral agreements are merged in it.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.
        Vol. CXCIX 37

3. MUNICIPAL COURT OF CHICAGO, § 19*—*when judgment for plaintiff on pleadings not objectionable as being entered without evidence.* In an action on a written contract where plaintiff relied upon his sworn statement of claim and the pleading of defendant which set up matters *dehors* the record and which tended to contradict the written contract, and defendant offered evidence which had been held improper on a prior appeal as tending to vary an unambiguous contract, *held* that a judgment for plaintiff was proper, and was not objectionable as being entered without evidence.

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916.

EUGENE HUSS and VICTOR E. REHM, for plaintiff in error.

FRED B. HOVEY, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The cause of action set out in the statement of claim rests in a contract in writing. In the first trial of this cause defendant prevailed. His defense consisted of oral statements *dehors* the contract. This court reversed that judgment because of the erroneous admission of such evidence. On a second trial, the record of which is before us for review, plaintiff had judgment against defendant on the finding of the court for eighty dollars.

The decision of this court on the former review became the law of the case binding upon the parties and the trial court and is the law of the case in this court. Mr. Justice Pam, in the decision of the court, said: "We are of the opinion that the contract is clear and explicit and not ambiguous, and that the court erred in admitting the testimony of defendant with reference to any conversation had with a representative of plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff, as a promise to see that electricity was furnished.''
The opinion of this court being binding upon the second trial, it is immaterial how the trial court was informed of the opinion and conclusions of this court.
It became the duty of the trial judge to inform himself of the opinion of this court and to proceed in the second trial in conformity therewith. This the trial judge did. While plaintiff offered the opinion as evidence, it was not necessary so to do. The opinion was not evidence of any fact; it was more than that; it was the law of the case by which the court must be guided and controlled in the conduct of the second trial. For the contract in suit and a full statement of the facts and the pleadings, we refer to the opinion in 194 Ill. App. 347, filed on the former review.

Upon the trial now being reviewed, defendant complains that the judgment was rendered without evidence. The record does not bear out such claim. The statement of claim setting out the written contract was verified. Defendant in his affidavit of meritorius defense set up matters *dehors* the contract which tended to contradict the written contract by oral conversations. This defense this court held to be unavailing. Plaintiff relied upon its sworn statement of claim and the pleading of defendant, which did not deny the contract, and rested. Thereupon defendant's counsel offered as a defense the evidence which this court held to be incompetent and not available as a defense against the admitted written contract. This was all defendant offered and it was rightfully excluded. There being no defense after the court's ruling excluding the proffered evidence, finding and judgment followed for the amount of plaintiff's contract claim. In this condition of the record the trial judge had no alternative than to do as he did. It is a presumption of law that a written contract embodies the agreement of the parties to it and that all contemporaneous oral

agreements are merged in it. *Telluride Power Transmission Co. v. Crane Co.* 103 Ill. App. 647; *Ford Motor Co. v. Osburn,* 140 Ill. App. 633.

The judgment of the Municipal Court does justice between the parties under the law and is affirmed.

*Affirmed.*