450     APPELLATE COURTS OF ILLINOIS.

Scarlett et al. v. National Live Stock Ins. Co., 202 Ill. App. 450.

## M. E. Scarlett and George Thomas, Appellees, v. National Live Stock Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916.

### Statement of the Case.

Action of assumpsit by M. E. Scarlett and George Thomas, ·plaintiffs, against the National Live Stock Insurance Company, defendant, on a policy of insurance on a stallion belonging to the plaintiffs. From a judgment for plaintiffs for $1,100, defendant appeals.

On a former appeal a judgment in favor of plaintiffs was reversed for error in giving an instruction. *Scarlett v. National Live Stock Ins. Co.*, 193 Ill. App. 488.

LINDLEY, PENWELL & LINDLEY, for appellant; WALTER C. LINDLEY, of counsel.

J. H. DYER and C. F. DYER, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1725*—*what is res adjudicata on second appeal.* Alleged errors passed on appeal of a case are *res adjudicata* on a subsequent appeal.

2. WITNESSES, § 144*—*when insured is competent to testify as to transactions with the deceased agent of insurer.* In an action on a

policy of insurance on a stallion where his owners claimed that they answered all the questions in the application truthfully but that the defendant's agent inserted false answers, admission of the testimony of the owners that they did not know what answers were inserted in the application by the defendant's agent, deceased at the time of the trial, that they did not read the answers and that they first learned what answers were in the application at the time of a former trial of the case, *held* admissible and not excluded by Hurd's Rev. St. 1911, ch. 51, sec. 4 (J. & A. ¶ 5521), making incompetent the testimony of a party to an action as to admissions or conversations with the other party's agent, deceased at the time of the trial.

---

# Town of Polk, Appellee, v. Albert E. Ghent, Appellant.

## (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed October 13, 1916. Rehearing denied December 2, 1916.

## Statement of the Case.

Action by the Town of Polk, plaintiff, against Albert E. Ghent, defendant, to recover a penalty for the obstruction of a highway by the defendant. From a judgment against him for three dollars and costs, defendant appeals.

Defendant owned a forty acre tract of land in Polk township, Macoupin county, and for many years a public highway, created by prescription, angled across the north portion thereof. He and eleven others petitioned the highway commissioners to change the location of the road so that it would run directly across the north portion of the tract along the section line. The com-