## Paul Brauer, Administrator, Appellee, v. Henry D. Laughlin, Appellant.

### Gen. No. 23,673.

1. APPEAL AND ERROR, § 1820*—*when Circuit Court has jurisdiction of case transferred to law side upon reversal and remandment.* The Circuit Court, when it has jurisdiction of the parties and subject-matters, has jurisdiction of a cause which, on an appeal from its decree, has been reversed and remanded by the Supreme Court, on the ground that equity had no jurisdiction and has been reinstated and transferred to the law side, without regard to whether section 40 of the Practice Act (J. & A. ¶ 8577) applies to the cause.

2. STATUTES, § 243*—*when given prospective effect.* As a general rule a statute will be given a prospective rather than a retrospective effect in construing it, unless the legislature's intention that it have a retrospective effect is clearly apparent.

3. STATUTES, § 245*—*when not given prospective effect.* The

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

general rule that statutes are to be prospectively rather than retrospectively construed is subject to an exception when the statute is remedial and affects practice and procedure only.

4.  Courts, § 138*—*what was purpose of statute permitting transfer of case to proper side of court.*  In enacting section 40 of the Practice Act (J. & A. ¶ 8577), the purpose of the legislature was to remedy the evil arising from the rule that one commencing his suit on the wrong side of the court cannot afterwards transfer it to the other side.

5.  Statutes—*when given retrospective effect.*  Section 40 of the Practice Act (J. & A. ¶ 8577) relating to transfer of case commenced on wrong side of court to proper side, applied to litigation existing at the time it became effective.

6.  Appeal and error, § 1820*—*what need not be alleged in declaration in case transferred from equity to law side after reversal and remandment.*  Where, on an appeal to the Supreme Court, it has been decided that complainant misconceived his remedy and that equity had no jurisdiction and the cause is reversed and remanded to the Circuit Court and reinstated and transferred to the law side of the court, it is not necessary that plaintiff allege in his declaration the various steps taken in the transfer of the case.

7.  Appeal and error, § 1820*—*when failure to make profert of letters of administration in trial of case transferred to law side upon reversal and remandment is not ground for reversal.*  Where, pending an appeal from a decree of the Circuit Court, complainant dies and her administrator is substituted and, on the decree being reversed and remanded, the cause is reinstated and transferred to the law side of the Circuit Court and a declaration consisting of the common counts and an account stated is filed, and afterwards the plaintiff's death is suggested and her administrator substituted, the fact that no profert is made of the letters of administration of the estate is not ground for reversal.

8.  Limitation of actions, § 55*—*when statute cannot be interposed.*  Where a suit in equity, which was commenced within the statute of limitations, is, on appeal to the Supreme Court, reversed on the ground that the remedy had been misconceived and is remanded and is thereupon reinstated on plaintiff's motion and transferred to the law side and a declaration filed, the statute of limitations cannot be interposed in the action at law.

9.  Evidence, § 458*—*what constitutes substantial identity of parties in action at law and in suit in chancery.*  On a bill in chancery in the Circuit Court against several defendants, a decree was entered for complainant against one defendant and was dismissed as to the others, and, pending an appeal by such defendant, com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plainant died and her administrator was substituted, the Supreme Court reversed and remanded the cause and it was reinstated in the Circuit Court and transferred to the law side and, thereafter, plaintiff filed a declaration making the defendant against whom the decree was entered defendant. It was *held* that there was a substantial identity of parties in the action at law and the suit in chancery.

10. EVIDENCE, § 458*—*when evidence given in chancery proceeding is admissible on second trial of case transferred to law side.* Where, on appeal to the Supreme Court, a decree of the Circuit Court is reversed on the ground that plaintiff misconceived his remedy and is remanded, and is reinstated and transferred to the law side, the subject-matter and transactions involved being the same and the parties and evidence substantially the same in the chancery suit as in the action at law, evidence given on the chancery proceeding is properly admitted in the action at law, no complaint being made that ample opportunity for cross-examination of the witnesses was not given in the chancery suit.

11. WITNESSES, § 195*—*what memorandum may be used to refresh memory.* Whether a memorandum used by a witness for refreshing his memory was made by the witness or by some one else is immaterial.

12. WITNESSES, § 195*—*when not improperly allowed to refresh memory from memorandum.* It is not ground for reversal that a witness was permitted to refresh her recollection by using a memorandum which was in the nature of an index to enable the witness to refer to the books involved in the case.

13. APPEAL AND ERROR, § 1733*—*when ruling on evidence is law of case on second appeal.* The ruling on a former appeal as to the competency of the testimony of a witness is the law of the case on the second appeal with regard to the competency on the second trial of testimony of such witness which is substantially the same as on the first trial.

14. ASSUMPSIT, ACTION OF, § 89*—*when advancement of money and promise of payment shown.* In an action for money had and received, the evidence *held* sufficient to show that money advanced by plaintiff's intestate to defendant was advanced by her for the purchase of certain stock and that he agreed to pay the money to her.

15. EQUITY, § 322*—*when answer is admissible in evidence.* Where a chancery decree of the Circuit Court is reversed by the Supreme Court on the ground that equity had no jurisdiction and the cause is remanded and it is reinstated on complainant's motion and transferred to the law side, defendant's answer in the chan-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Brauer v. Laughlin, 211 Ill. App. 534.

cery, which is a part of the files in the case and was made on behalf of defendant to the very matters in controversy, may be read in evidence in the action at law, even though there is no proof that the signature to the answer was that of defendant and though answer under oath was waived in the bill and an amended answer was subsequently filed.

16. INTEREST, § 80*—*when instruction on right to recover is proper.* In an action for money had and received, where it is not disputed that there was an express agreement on defendant's part to pay some one 6 per cent. on an amount which he admitted owing some person or corporation, it is not error to give, at plaintiff's request, an instruction that if the jury find for plaintiff and find that defendant agreed to pay 6 per cent. interest, they shall include interest at this rate on the amount they find due.

17. USURY, § 2*—*what constitutes.* Usury is the taking or contracting for more than the lawful rate of interest for the loan of money.

18. USURY, § 46*—*necessity of pleading.* Where one who agreed orally to pay 6 per cent. interest on money loaned him does not, in an action to recover such loan, plead usury, he may be required in the verdict against him to pay the rate of interest which he agreed to pay.

19. INSTRUCTIONS, § 137*—*when refusal of instruction is not ground for reversal.* It is not ground for reversal that, in an action for money had and received, the court refused to give an instruction to the jury to disregard certain items, where such an instruction would have been inconsistent with defendant's admission as to the amount he owed some one and the evidence is sufficient to support a finding that whatever he owed was owed to plaintiff, and also supports a finding in plaintiff's favor as to the items in question.

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed July 10, 1918. *Certiorari* denied by Supreme Court (making opinion final).

FRED B. SILSBEE and GRANVILLE W. BROWNING, for appellant.

WILLIAM C. RIGBY and ROLLA R. LONGENECKER, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

By this appeal Henry D. Laughlin seeks to reverse a judgment entered against him in an action of assumpsit for $49,034.48. The record discloses that Sarah Eden, now deceased, on April 22, 1901, filed her bill of complaint against Laughlin and others, claiming a one-half interest in certain stock of the Northern Hotel Company, purchased in the name of Laughlin. The suit was heard and a decree entered finding that Mrs. Eden had not established her claim of ownership in the stock, but that she was entitled to an accounting for money advanced by her to Laughlin, and it was decreed that Laughlin repay to her such sum. The bill was dismissed as to the other defendants. Mrs. Eden died in the meantime and Paul Brauer, the administrator of her estate, was substituted. Laughlin appealed to this court, where the decree was affirmed. *Laughlin v. Brauer*, 138 Ill. App. 524. A further appeal was prosecuted to the Supreme Court, where the judgment of this court and the decree of the Circuit Court were reversed and the cause remanded. (*Brauer v. Laughlin*, 235 Ill. 265), on the sole ground that equity had no jurisdiction, since Mrs. Eden had failed to establish her claim to the stock, and it was there held that the defendant was entitled to a trial by jury. The cause was reinstated on motion of plaintiff, and was transferred to the law side of the court. Subsequently, January 9, 1912, plaintiff filed the common counts for money had and received, and an account stated, to which defendant, on January 16, 1912, filed a plea of the general issue. January 26, 1912, plaintiff filed a bill of particulars in accordance with an order entered. May 4, 1912, by leave of court, defendant filed a plea of the statute of limitations. On May 11, 1912, plaintiff's demurrer to this plea was sustained. On May 17, 1917, the case came on for trial before the court and jury, and on May 22, 1917, the defendant made a motion in writing to strike the declaration, filed in January, 1912, from the files. The

motion was denied. On the same day he also asked leave to withdraw the plea of the general issue, which was also denied, and thereupon defendant moved the court for leave to file additional pleas of the statute of limitations instanter, which was allowed and the pleas filed. To these pleas plaintiff demurred *ore tenus.* Whereupon defendant moved that the demurrer be carried back to the declaration, which motion was denied, and thereupon the demurrer to the pleas was sustained. A full statement of the facts is set forth in the former opinion of this court and will not be here repeated.

Defendant contends that the trial court was without jurisdiction of the subject-matter, for the reasons, as stated by his counsel, that the declaration filed January 9, 1912, was a new suit and was not filed as an amendment to the bill; that the declaration, which was afterwards amended, did not state a cause of action, and that it was improperly transferred to the law side of the court, for the reason that section 40 of the Practice Act of 1907 (J. & A. ¶ 8577) did not apply to suits pending prior to the time that law became effective. Manifestly the jurisdiction of the court is in no way involved, for the court which has unlimited jurisdiction in all cases of law and chancery, had jurisdiction of the subject-matter, and of the parties, and this too even if section 40 of the Practice Act did not apply to the case.

It is earnestly contended that section 40 does not apply for the reason that this suit was commenced April 22, 1901, while section 40 did not become a law until July 1, 1907; that it is a general rule that a statute will be construed to be prospective and not retrospective in its operation, unless it clearly appears that the legislature intended it to have a retrospective effect, and that such was not the intention of the legislature in enacting section 40. While the general rule is as stated, there is an exception to it when the stat-

ute in question is remedial and affects only the practice and procedure. *Chicago & W. I. R. Co. v. Guthrie,* 192 Ill. 579. Section 40 (J. & A. ¶ 8577) provides:

"If the party commencing any civil suit or proceeding shall have misconceived his remedy, he may be permitted, in the discretion of the court, and on payment of all accrued costs and such clerk's advance fees as are required for the commencement of the suit in the proper form, by proper amendments, in the same proceeding, to transfer the suit, if at law, to chancery, and if in chancery, to the law docket of the court; and when so transferred, the suit shall proceed as though originally commenced on such side of the court."

Prior to the enactment of this section, where a party had commenced his suit on the wrong side of the court, he could not afterwards transfer it to the other side (*Lullman v. Barrett,* 18 Ill. App. 573), and clearly the intention of the legislature was to remedy this evil. In the *Guthrie* case, *supra,* which was a proceeding under the Eminent Domain Act, the statute, after the commencement of the suit, was amended, and it was there contended that this amendment should not be given a retroactive effect. The court there said (581): "Such amendment merely affects the method of procedure—the remedy—and the law is well settled that there can be no vested right in any particular remedy or method of procedure, and that while the general rule is that statutes will not be so construed as to give them a retrospective operation unless it clearly appears that such was the legislative intention, still, when the change merely affects the remedy or the law of procedure, all rights of action will be enforceable under the new procedure, without regard to whether they accrued before or after such change in the law, and without regard to whether suit had been instituted or not, unless there is a saving clause as to existing litigation." In section 40 there is no saving clause as to existing litigation, and as it affects

the remedy only, we think it applied to the instant case and authorized the change to the law side of the court.

Other objections are also made to the transfer of the case. These objections point out what are claimed to be irregularities. Among these it is contended that neither the declaration filed in 1912 nor the amendment filed in 1917 stated a cause of action, because there was no profert made of the letters of administration of the estate of Sarah Eden, and no allegation that plaintiff had misconceived his remedy in the chancery suit. It was obvious from the opinion of the Supreme Court that it had been judicially determined that plaintiff had misconceived his remedy, and we think it was unnecessary to allege in the declaration the various steps taken in the transfer of the case. The declaration consisted of the common counts and an account stated, and afterwards the death of Mrs. Eden was suggested and her administrator substituted by way of amendment. We think none of these objections would warrant a reversal of the case.

Since we hold that the case was properly transferred to the law side of the court, it is obvious that the pleas of the statute of limitations could not be interposed.

Complaint is made of the ruling of the court permitting the testimony of William S. Eden and Mrs. Eden, which was given in the chancery suit, to be read on the trial, for the reason that neither the parties nor the issues in the two cases were the same, and that the depositions were not identified on the trial. It is perfectly obvious from the record that the depositions received in evidence were the ones taken on the former trial in the chancery suit. In fact counsel for defendant at least tacitly admitted that they were, so there is no merit in the contention that they were not properly identified. Nor do we think there is merit in the other points made, for it is clear that the

same subject-matter was involved in the two cases, and the parties were substantially the same. In the chancery suit Mrs. Eden was seeking to recover from defendant a one-half interest in certain stock. Her bill was afterwards amended, seeking to recover the money which she had advanced him for the purchase of the stock. In that case Laughlin and others were made defendants, but all of them except Laughlin were dismissed out of the case. In the instant case plaintiff seeks to recover the same money that was involved in the chancery suit. The same advances are claimed, involving the identical transactions; in fact the evidence in both cases is substantially the same. No complaint is made that in the chancery suit ample opportunity was not given the defendant to cross-examine the two witnesses, and we think it clear, therefore, that the evidence given on the former trial was properly admitted. *McInturff v. Insurance Co. of North America,* 248 Ill. 92; *London Guarantee & Accident Co. v. American Cereal Co.,* 251 Ill. 123.

It is also urged that the court improperly permitted the witness Jane R. Sullivan to refer to a memorandum for the purpose of refreshing her recollection, "which memorandum, the evidence shows, was not prepared by her from her own personal knowledge and recollection of the transactions in question, and was not prepared by her from books of original entry, or from books of account competent as evidence in the case." Of course, it would be immaterial whether the witness or some one else made the memorandum if it was used only for the purpose of refreshing her recollection. From the record it appears that the memorandum was more in the nature of an index to enable the witness to refer to the books. This same witness testified in the chancery suit, which testimony we held on the former appeal was competent. She gave substantially the same testimony on the trial of the instant case, and since we held on the former ap-

peal that the testimony of this witness was competent, that holding is the law of the case on this appeal. Moreover we think there was no valid objection to this testimony.

It is also urged that there was no privity of contract between Mrs. Eden and the defendant Laughlin; that he promised to pay the money advanced to him to the persons from whom it came; that no such promise was made to Mrs. Eden, and that therefore her administrator could not recover, except on the theory of a novation, which was not proven. We think there was sufficient evidence to warrant the jury in finding that the money advanced was advanced by Mrs. Eden for the purchase of the stock of Laughlin and that he agreed to pay the same to her. The method in which the account was kept upon the books was fully explained by the evidence.

It is also contended that it was error to permit counsel for plaintiff to read in evidence parts of the original answer filed by defendant in the chancery suit. It was objected that it was incompetent and immaterial, as it was not a part of the suit at law, and that there was no proof that the signature to the answer was that of the defendant; that the answer was not under oath, as answer under oath was waived in the bill, and that afterwards an amended answer was filed. We think none of these objections can be maintained. The answer was a part of the files in the case, and made on behalf of the defendant to the very matters in controversy, and we see no reason why the admissions in the answer could not be brought to the attention of the jury. *Robbins v. Butler,* 24 Ill. 387.

Complaint is made of the giving of an instruction submitted on behalf of the plaintiff, which told the jury that if they found for the plaintiff, and if they found from the evidence that the defendant agreed to pay interest at 6 per cent. per annum, they should include interest at this rate on the amount they found

due. It is said that this instruction is misleading, and a hypercritical analysis of the different phrases and clauses of the instruction is made, which it would serve no useful purpose to set forth here. Upon a careful reading of the instruction, while it might be subject to some of the objections made, yet we think it was not at all misleading. It is also contended that the instruction is wrong in authorizing the inclusion of any interest in the verdict, and it is said to be further erroneous in authorizing interest at 6 per cent. The defendant himself testified and admitted that he owed some person or corporation more than $19,000, upon which he agreed to pay interest at the rate of 6 per cent., and he offered to pay the same to the party entitled to receive it. It is argued, as we understand it, that no interest could be recovered for the reason that there is no claim that the payment of the money was withheld by any unreasonable or vexatious delay, and even if there were such claim no more than 5 per cent. could legally be allowed. We think the question of whether there was an unreasonable delay is immaterial, as it is in no way involved. It was undisputed that there was an express agreement to pay 6 per cent. But it is said that interest at 6 per cent. is not recoverable in Illinois under the statute, unless the agreement to pay such rate is in writing; that there was no such writing in this case, but that the promise, if any, was oral. On the other hand, plaintiff contends that the answer of the defendant in the chancery suit was a sufficient writing to comply with the statute. In the view we take of the point it will be unnecessary to pass on plaintiff's contention. Interest is a creature of statute, and in this State section 1 of chapter 74, Rev. St. (J. & A. ¶ 6690) authorizes interest at the rate of 5 per cent. where the agreement is oral. Section 2 of the same Act (J. & A. ¶ 6691) allows interest at the rate of 5 per cent. after the money becomes due, where no rate has been agreed upon, and section

4 (J. & A. ¶ 6693) provides that in all written contracts, it shall be lawful for the parties to stipulate or agree that 7 per cent. per annum or any less sum shall be taken and paid. Section 6 (J. & A. ¶ 6695) provides that any agreement made for a greater rate than 7 per cent. shall constitute usury, and in such case no interest can be recovered, and section 7 provides that the defense of usury shall not be allowed unless specially pleaded. Section 1, prior to July 1, 1891, authorized interest at the rate of 6 per cent., and it was held .in the case of *Friend v. Engel,* 43 Ill. App. 386, that a higher rate than 6 per cent. could be stipulated for only in written contracts. See also, *Edler v. Uchtmann,* 10 Ill. App. 488, and *Farmer v. Mitchell,* 128 Ill. App. 297. Usury signifies the taking or contracting for more than the lawful rate of interest for the loan of money. *Bowman v. Meely,* 151 Ill. 37. If, therefore, we assume that the agreement by the defendant to pay 6 per cent. was oral, the contract would at most be usurious, and such defense must be pleaded as required by statute. But no such defense is made, and there is, therefore, no reason why the defendant should not be required to pay the rate of interest which he agreed upon, viz., 6 per cent., which is the amount included in the verdict.

Complaint is also made of the allowance of certain items in the bill of particulars, which defendant claims should not have been included in the judgment. Of course, as the verdict is general, we cannot tell what particular items were allowed by the jury. In this connection defendant's counsel also says that the principal amount claimed in the bill of particulars is $24,261.83. The items mentioned in the bill of particulars which defendant contends the jury should have been instructed to disregard aggregate about $10,500. If this is deducted from the sum claimed in the bill of particulars, it would leave a balance of about $13,500. Manifestly, therefore, counsel's contention that the

jury should have been instructed to disregard approximately $10,500 is inconsistent with defendant's own admission, for he admits that he owes some one $19,900, and as we think the evidence warranted the jury in finding that whatever sum the defendant owed was to Mrs. Eden or her administrator, it is obvious that many of counsel's objections are untenable. Moreover, we think the evidence was sufficient to warrant the jury in finding in favor of plaintiff as to the several items, for the evidence as to each item is substantially the same—the same system of bookkeeping and the entire scheme as to the different items was the same, which the evidence tends to show was carried out at the suggestion of the defendant.

The judgment of the Circuit Court of Cook county is affirmed.

*Affirmed.*